# IN THE MATTER OF THE ESTATE OF ANTONIO. RODRIGUEZ, Deceased Testate.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 2, 1900.      DECIDED DECEMBER 22, 1900.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

No notice to produce certain original documents having been served upon the opposite party and no showing having been made that original counterparts of such documents were not in the possession or under the control of the parties desiring to prove the existence of such instruments, or that the production of any of such originals could not be obtained, held, that secondary evidence of such instruments was not admissible.

An executor and trustee who is disallowed commissions for maladministration of the trust, is nevertheless entitled to reasonable compensation for services rendered as attorney-at-law ·in drawing the will of the decedent, in obtaining temporary letters of administration and in probating the will, such services being entirely disconnected with his administration of the trust.

## OPINION OF THE COURT BY PERRY, J.

On the 18th of December, 1891, A. Rosa was appointed temporary administrator of the estate of Antonio Rodriguez, of Honolulu, who died on the 11th of that month. On the 11th of January, 1892, the will of the deceased was duly admitted to probate and A. Rosa was appointed executor thereof and trustee thereunder.

On April 27, 1896, Rosa not having in the meantime filed any inventory of the property of the estate or any account of his receipts and expenditures as executor or trustee, one of the devisees filed a motion before a Circuit Judge of the First Circuit that the executor and trustee be required to file such inventory and account. In consequence of this motion, Rosa, on the 18th of May following filed an inventory and also an account covering the period from the date of his appointment up to and including the 31st day of December, 1895, and showing total receipts of $2753.73, total disbursements of $2144.86 and a balance on hand of $608.87. On October 2, 1896, another account was filed of sums received and paid out from December 31, 1895, to date of filing, the total receipts shown, including balance from last account, being $772.37, total payments $710.10 and balance on hand $62.27. Both accounts were referred to a Master who reported, *inter alia*, that the sum of $600. principal was on deposit in a bank at the time of the inception of the trust and that no interest on said sum had been received by or credited to the estate.

Rosa died on the 9th day of September, 1898, without having had his accounts passed upon by the court. On the 27th of July last a hearing was had, at which J. F. Colburn, the executor of the will of the deceased trustee, and the widow and the children of Rodriguez were present or represented. On behalf of the beneficiaries, certain exceptions were noted to the accounts as filed. The order and decree of the court was that Rosa be disallowed all commissions; that he be charged with interest on the sum of $600. above referred to less interest on $256. thereof paid for taxes; that he be charged with items embraced in the exceptions aggregating the sum of $420., with the sum of $85. counsel fees for probating the will with which he had credited himself, with a Master's fee of $50., with all costs of court, and also with interest upon the balance of $1006.37 shown to be in his hands at the date of filing his accounts; and in conclusion that the accounts be amended in accordance with the following summary:

"1896

Aug. 7,  To amount of receipts per last account ....$   772.37
         Balance of interest on $600. to Feb. 1st ...    200.00
         Items contained in exceptions allowed ....    420.00
         Counsel fees surcharged ...............     85.00
         Commissions surcharged ...............    239.10
                                                   ----------
              Total ...........................$ 1716.47
1896
Aug. 7,  By amount of disbursements per account ..$   710.10
                                                   ----------
              To balance ....................$ 1006.37
         To interest on balance to July 27, 1900 ...    266.68
         To master's fee ......................     50.00
         To costs of court .....................     17.00
                                                   ----------
              Total ...........................$ 1340.05"

From this decree, the executor of the will of the deceased trustee appealed to this court.

The sole contention presented by counsel for the appellant is that the court below improperly admitted as evidence certain copies of leases and receipts and that without that evidence there was nothing on the record to justify the court in finding that certain rents, amounting in all to the sum of $420., had been received by Rosa or were due to the estate and uncollected by him. The beneficiaries claimed at the hearing that certain sums, aggregating in all $420., and with which the executor and trustee had not charged himself in his accounts, had been received by him or were due the estate, under leases executed by him, and uncollected; and to prove this claim offered in evidence the original of a lease from Rosa, as executor and trustee, to Joao de Freitas, copies of four other leases from the same lessor to various lessees, the original and a copy of a receipt for $20.00 rent under the first above mentioned lease and a copy of a receipt for $25.00 rent purporting to have been paid by one Frank Luiz. To the introduction of the original lease and receipt, no objection was made or exception taken.

The copies of the four leases and of the other receipt were, under the circumstances of the case, improperly admitted as

evidence. No notice was given to the executor of the will of the deceased trustee to produce the original instruments nor was any sufficient ground otherwise laid for the introduction of secondary evidence. There was no showing that the beneficiaries were unable to obtain the production in evidence of original counterparts,—on the contrary, the strong presumption from the testimony of Mr. Magoon and from the mere filing of the copies, was that such counterparts were either in the possession of the beneficiaries or their attorney or easily available to them.

Disregarding, as not before the court, the said copies, there is no evidence on the record that will support the charge against the estate of the deceased executor and trustee of at least $340. of the $420. above referred to.

The appeal is a general one and presents for our determination the question of the correctness or otherwise of the whole decree and of each charge therein made against the deceased executor and trustee. To facilitate, then, an early settlement of this controversy, we add that, in our opinion, the item of $85. should not be surcharged. The charges made by Rosa for drawing the will, fifty dollars, and for services as counsel in obtaining the order of temporary administration and in proving the will and obtaining letters testamentary, thirty-five dollars, were reasonable and were for matters happening before and entirely disconnected with his subsequent administration of the trust. No sufficient reason appears for the disallowance of the item.

The disallowance to Rosa of this sum of $85.00 will necessitate a re-calculation of the interest chargeable against him.

The decree appealed from is reversed and the cause is remanded for a new hearing and for such other proceedings as may be proper.

*Lorrin Andrews, Esq.*, for the Executor of the Will of A. Rosa.

*J. A. Magoon, Esq.*, for the Beneficiaries under the Will of A. Rodriguez.